UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TULIO CASTILLO,<br><br>                              Plaintiff,<br><br>v.<br><br>UNIVERSITY CITY UNITED CHURCH (UNITED CHURCH OF CHRIST), a California Corporation and Domestic Non-Profit; JESSICA DOLAN, and Individual; and DOES 1 through 25, Inclusive,<br><br>                              Defendant. | Case No.:  21cv1128-CAB-WVG<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS [Doc. No. 9]** |

On July 20, 2021, Defendant University City United Church filed a motion to dismiss or strike portions of Plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(6), and 12(f), of the Federal Rules of Civil Procedure.  [Doc. No. 9.]  The motion was set for hearing on August 24, 2021, which meant that Plaintiff's opposition was due on August 10, 2021.  To date, no opposition has been filed. Having carefully considered Defendant's motion and Plaintiff's failure to oppose the motion, which the Court construes as consent to grant the motion's requests, the Court hereby **GRANTS** Defendant's unopposed motion to dismiss.

# DISCUSSION

Southern District of California Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Moreover, Local Rule 7.1.f.3.a states that any party choosing not to oppose a motion must file a written statement that he does not oppose the motion or otherwise request for ruling by the court. "If an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." See Local Rule 7.1.f.3.c.

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition papers). Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id.* (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, Defendant attached a Certificate of Service with its motion to dismiss [Doc. No. 9-6], representing that Defendant timely served Plaintiff with its motion. Plaintiff, who is represented by counsel, was provided adequate and sufficient time to prepare a written opposition to Defendant's motion, and Plaintiff did not file an opposition. *See Holt v. I.R.S.,* 231 Fed. App'x. 557, 558 (9th Cir. 2007)(holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences for failing to file an opposition). Plaintiff's failure to comply with filing deadlines only favors granting Defendant's motion to dismiss in the interest of expeditious resolution. While public policy generally favors the disposition of cases on their merits, the Court finds the

second *Ghazali* factor weighs in favor of dismissal as Plaintiff fails to defend his complaint against a Rule 12 motion. Plaintiff offers no excuse for failing to amend his complaint or respond to Defendant's motion to dismiss.

The Court finds the third *Ghazali* factor also weighs in favor of dismissal as significant delay in the resolution of this matter prejudices Defendant.

Finally, with respect to whether less drastic measures have been considered; the Court will dismiss the action without prejudice. Thus, the Court finds the factors weigh in favor of granting Defendant's motion to dismiss.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. Defendant's unopposed motion to dismiss [Doc. No. 9] is **GRANTED**.

2. Plaintiff's complaint is **DISMISSED** without prejudice.

The Clerk of Court shall **CLOSE** the case.

**IT IS SO ORDERED**.

Dated:  August 20, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge